**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| PAUL NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N14C-06-082 ASB |
| FORD MOTOR CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

May 10, 2017

*Upon Defendant Ford Motor Company's*
*Motion for Summary Judgment*. **GRANTED**.

## <u>ORDER</u>

Plaintiff, Paul Norris' (hereinafter "Plaintiff") claims cannot survive the summary judgment criteria.[1]

Mr. Norris passed away from lung cancer. Plaintiff claims that Mr. Norris' injuries were caused by occupational and non-occupational asbestos exposure through Defendants brakes, clutches, and gaskets. Mr. Norris started working on his father's farm in 1960. He performed brake, clutch, and motor repair work on

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at \*3 (Del. Super. Dec. 30, 2013); *see also Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

Ford tractors that were on his father's farm. He testified that once a year he did brake work on each tractor. The process created dust during the removal process. He testified that he purchased the new brake shoes from the Ford dealer. Similarly, Mr. Norris replaced clutches on the Ford tractors. The removal process created dust, and he purchased the new clutches from the Ford dealer. Finally, Mr. Norris performed motor work on the Ford tractors. He testified that removing the head gaskets from the tractors created dust. Mr. Norris believed that all of these products were made out of asbestos. Mr. Norris initially performed these jobs on a new 1960 Ford tractor, and then he stated that they were "traded for 1963s." Additionally, Mr. Norris replaced the clutch on a 1970 Ford 4000 about six or eight times. He could not recall the manufacturer. Mr. Norris also performed engine work on his personal vehicles during the 1960s and early 1970s. He installed rings and bearings, and also clutches. Mr. Norris testified that he did not perform motor work often. He recalled doing maintenance work on a used 1958 Ford vehicle that he purchased in 1962. Mr. Norris also stated that he performed brake jobs on a 1972 Ford truck. He was unable to recall the model, but described it as a "short wheel based pickup truck." Mr. Norris could not identify the manufacturer of the brakes on the 1972 Ford, but said they were disk brakes.

Tennessee substantive law is the applicable law in this case. Under Tennessee law, the threshold requirement of any asbestos case is proof that an

injured plaintiff was exposed to friable asbestos from a product for which a defendant is responsible.[2] Where there is more than one potential cause of an injury, a plaintiff must show that a particular defendant's conduct was "a substantial factor causing the injury."[3] Thus, in order to be the proximate cause of a plaintiff's injuries, a defendant's negligent act need not have been the whole cause or the only factor in bringing them about.[4] Plaintiff cannot show that he was exposed to friable asbestos from a product that Ford is responsible for. The only product identification witness in this case is Plaintiff himself. He testified that he purchased the replacement parts for the tractors from the Ford dealer. Even assuming that these replacement products were Ford manufactured products, there is no evidence that he *removed* Ford products. Mr. Norris testified that the removal process created dust, but there was no testimony regarding friable dust during the installation process. Additionally, there is no evidence, beyond speculation, that Mr. Norris actually removed Ford parts. Plaintiff did not provide testimony, for example, of the maintenance history of the tractors or that the tractors had the original Ford parts. Thus, a jury would have to speculate that the clutches, brakes, and gaskets Mr. Norris removed were in fact manufactured by Ford. Regarding the personal vehicle work Mr. Norris described, the record lacks

---

[2] *Murphy v. Owens-Ill., Inc.*, 779 F.2d 340, 342 (6th Cir. 1985); *Murphree, for Use and Benefit of Murphree v. Raybestos-Manhattan, Inc.*, 696 F.2d 459, 463 (6th Cir. 1982).

[3] *Murphree*, 696 F.2d at 463; *Roberts v. Robertson County Bd. of Educ.*, 692 S.W.2d 863, 871 (Tenn. Ct. App. 1985).

[4] *Id.* (quoting *Waller v. Skeleton*, 212 S.W.2d 690, 696 (1948)).

evidence that the parts he removed from the vehicles were in fact manufactured by Ford. His testimony is clear that he could not identify the manufacturer of the brakes he removed, and he purchased the 1958 vehicle used. Without evidence of the vehicle's maintenance history, a jury would have to speculate that the brakes were manufactured by Ford. Similarly, Mr. Norris was unable to identify the manufacturer of the brakes on the 1972 truck that he described. Because Plaintiff failed for provide evidence, beyond speculation, that Mr. Norris worked with Ford brakes, clutches, and gaskets, summary judgment is appropriate.

Accordingly, Defendant Ford Motor Company's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**